An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

GREG SMITH, WARDEN, NSP; AND
THE STATE OF NEVADA,
Appellants,
vs.
RONALD LEE HEIMAN,
Respondent.

No. 62003



FILED

SEP 18 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY
DEPUTY CLERK

*ORDER REVERSING IN PART AND REMANDING*

This is an appeal from a district court order granting in part respondent Ronald Lee Heiman's post-conviction petition for a writ of habeas corpus. Second Judicial District Court, Washoe County; Janet J. Berry, Judge.

The State contends that the district court erred by granting in part Heiman's habeas petition after finding that his trial counsel was ineffective. When reviewing the district court's resolution of an ineffective-assistance claim, we give deference to the court's factual findings if they are supported by substantial evidence and not clearly wrong but review the court's application of the law to those facts de novo. *Lader v. Warden*, 121 Nev. 682, 686, 120 P.3d 1164, 1166 (2005).

First, the State contends that the district court erred by finding that Heiman's trial counsel was ineffective for failing to communicate with the attorney representing Heiman in justice court proceedings, where he faced misdemeanor charges, because his guilty plea to misdemeanor domestic battery adversely affected his opportunity to present his theory of defense to the burglary count in district court. The district court specifically found "that counsel's failure to communicate

13-27743

plea-negotiations and trial strategy between Justice and District Courts" entitled Heiman to relief. We disagree. Heiman offered no evidence at the evidentiary hearing on his petition demonstrating that his guilty plea to misdemeanor domestic battery prevented him from presenting his theory of defense to burglary at trial—namely, that he did not form the intent to batter the victim until he entered her motel room. *See Means v. State*, 120 Nev. 1001, 1012, 103 P.3d 25, 33 (2004) (holding that a petitioner must demonstrate the underlying facts by a preponderance of the evidence). In fact, trial counsel articulated this theory of defense during closing arguments when he claimed that Heiman did not possess the requisite intent to support the burglary count. Therefore, we conclude that counsel was not deficient and Heiman failed to demonstrate prejudice, *see Strickland v. Washington*, 466 U.S. 668, 687-88, 694 (1984); *Kirksey v. State*, 112 Nev. 980, 987, 923 P.2d 1102, 1107 (1996), and substantial evidence does not support the district court's determination that Heiman was entitled to relief on this basis.

Relatedly, Heiman also claimed below that his guilty plea to misdemeanor domestic battery in the justice court prevented trial counsel in the district court from "presenting to the jury the jury instruction on the lesser related offense of battery" and exposed him to consecutive sentences. The district court did not specifically address these ineffective-assistance claims in its order and it is not clear whether the district court granted relief on these grounds. To the extent the district court granted relief based on these claims, we conclude the district court erred because Heiman failed to demonstrate that counsel's performance was deficient in the manner alleged or that he was prejudiced in any way entitling him to relief. *See Strickland*, 466 U.S. at 687-88, 94.

Second, the State contends that the district court erred by finding that trial counsel was ineffective for failing to request a lesser-included jury instruction on misdemeanor stalking. Even assuming that counsel's performance was deficient in this regard, the State presented overwhelming evidence of Heiman's guilt on the charge of aggravated stalking. *See* NRS 200.575(1)-(2). Therefore, we conclude that the district court erred by determining that Heiman was prejudiced by counsel's failure to request a jury instruction on misdemeanor stalking. *See Strickland*, 466 U.S. at 694. Accordingly, we

ORDER the judgment of the district court REVERSED IN PART AND REMAND this matter to the district court for proceedings consistent with this order.[1]

_____, J.
Gibbons

_____, J.
Douglas

_____, J.
Saitta

---

[1]The fast track statement, response, and reply do not comply with NRAP 3C(h)(1) and NRAP 32(a)(4) because the text is not double-spaced. Counsel for the parties are cautioned that the failure to comply with the briefing requirements in the future may result in the imposition of sanctions. *See* NRAP 3C(n).

cc: Hon. Janet J. Berry, District Judge
Attorney General/Carson City
Washoe County District Attorney
Karla K. Butko
Washoe District Court Clerk